IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION (AKRON)

WILLIE R. BENTON,

Plaintiff,

v.

**5:25 CV 2676**

**JUDGE ADAMS**

**MAG. JUDGE HENDERSON**

FILED
DEC 10 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

CITY OF AKRON; SUMMIT COUNTY, OHIO; AKRON POLICE DEPARTMENT;

SUMMIT COUNTY DRUG UNIT; SUMMIT COUNTY SHERIFF'S OFFICE;

AKRON–SUMMIT HIDTA TASK FORCE (STATE-SIDE COMPONENT);

AKRON MUNICIPAL COURT (ADMINISTRATIVE CAPACITY);

DETECTIVE MICHAEL GILBRIDE; DETECTIVE CARMEN R. INGRAM;

DETECTIVE WALLACE; DETECTIVE D. EDWARDSON;

TFO BRIAN CALLAHAN; TFO JIMMY FIELDS;

DETECTIVE SHAFFER; DETECTIVE TRIMBLE; SERGEANT DUGAN;

DETECTIVE HARVEY;

CRAIG MORGAN (AKRON POLICE LEGAL ADVISOR);

CLERK OF COURTS JIM LARIA; CLERK OF COURTS SANDRA KURT;

BCI CHEMIST KEITH TAGGART;

2024 BCI ANALYST (NAME UNKNOWN);

BCI SUPERVISORS, MANAGERS, AND EVIDENCE TECHNICIANS;

STATE OF OHIO (DECLARATORY RELIEF ONLY);

Mike Dewine (Report oversight, Declaratory relief)
Dave Yost (2024 oversight, Declaratory Relief)
Municipal Judge Nicole Walker (Administrative capacity only)

12/10/2025 $405.00 pd Rcpt. 10221 ckz

Defendants for Clerk submitting
42 U.S.C. § 1983 claim

Willie R. Benton JR.
Plantiff

FILED
DEC 10 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

V.

1) City of Akron
2) Summit county, ohio
3) Akron police department
4) Summit county drug unit
5) Summit county Sherif's office
6) Akron-Summit HIDTA Task force (STATE-SIDE component)
7) Akron municipal court (administrative capacity)
8) Detective Michael Gilbride
9) Detective Carmen R. Ingram
10) Detective Wallace
11) Detective D. Edwardson
12) TFO Brian Callahan
13) TFO Jimmy fields
14) Detective Shaffer
15) Detective Trimble
16) Sergeant Dugan
17) Detective Harvey
18) Craig Morgan (Akron Police Legal advisor)
19) Clerk of Courts Jim Laria,
20) Clerk of Courts Sandra Kurt

(29 total after discovery will amend. Please file clerk send me copy of Docket Sheet)

21) BCI Chemist Keith Taggart
22) 2024 BCI Analyst
23) BCI Supervisors
24) BCI Managers
25) BCI Evidence Technicians
26) Declartory relief only Mike Dewine ohio attorney general [Report over sight]
27) Dave Yost 2024 (AG)
28) Judge Nicole Walker (administrative capacity)

Defendants

29) STATE OF Ohio (Declaratory Relief only)

Defendants.

Case No.: _____

Judge: _____

**CIVIL RIGHTS ACTION FOR WRONGFUL "CRACK" IDENTIFICATION,

FABRICATED EVIDENCE, FALSE WARRANT, TITLE III MISUSE, DEFAMATION,

AND UNLAWFUL IMPRISONMENT UNDER 42 U.S.C. § 1983**

COMPLAINT

Plaintiff Willie R. Benton, proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments, resulting from the creation, execution, and concealment of an invalid warrant; the fabrication and misuse of forensic drug evidence; the publication of false and defamatory "crack cocaine" labeling; the deprivation of state-law judicial procedures; the mishandling and disappearance of warrant documents; and the coordinated conduct of multiple state and local agencies acting under color of state law. Plaintiff alleges that this misconduct caused him to be falsely branded, arrested, prosecuted, and imprisoned for approximately eight years based on factual claims and forensic representations that were untrue at the time made and never corrected.

Federal actors are described only in the factual narrative because their actions relied entirely on the state-created defects described here. They are NOT defendants in this action.

I. JURISDICTION AND VENUE

This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

Venue is proper in the Northern District of Ohio because all events took place in Akron and Summit County.

II. PARTIES

Plaintiff

Willie R. Benton is a resident of Ohio who was arrested, prosecuted, and incarcerated as a result of the misconduct described herein.

Municipal & County Defendants (Monell)

City of Akron

Summit County, Ohio

Akron Police Department

Summit County Drug Unit

Summit County Sheriff's Office

Akron–Summit HIDTA Task Force (state component)

Akron Municipal Court (administrative capacity only)

Individual State & Local Defendants

Detective Michael Gilbride

Detective Carmen R. Ingram

Detective Wallace

Detective D. Edwardson

TFO Brian Callahan (Akron PD)

TFO Jimmy Fields (Akron PD)

Detective Shaffer

Detective Trimble

Sergeant Dugan

Detective Harvey

Craig Morgan, Akron Police Legal Advisor

Clerk of Courts Jim Laria

Clerk of Courts Sandra Kurt

BCI Defendants

BCI Chemist Keith Taggart

2024 BCI Analyst (unnamed)

Supervising Chemist (2018)

BCI Richfield Lab Manager

BCI Evidence Technicians

Declaratory Relief Defendant Only

State of Ohio

III. FACTUAL ALLEGATIONS

Plaintiff alleges the following:

In June 2018, Akron Police and Summit County Drug Unit officers, including Detectives Michael Gilbride, Wallace, Ingram, Edwardson, and state-task-force officers Brian Callahan and Jimmy Fields, initiated surveillance on Plaintiff using what they represented as Title III federal wiretap information. Plaintiff alleges that these officers knowingly misrepresented the timeline of intercepted communications. The DEA Report dated July 3, 2018, authored by SA Daniel Wehrmeyer and GS Erik Kochanowski, states that officers relied upon a "court-authorized wire intercept" reflecting Plaintiff saying "Be ready by 6:30 PM." Plaintiff alleges that no such intercept existed on June 25, 2018, and that the true intercept occurred June 26, 2018, after Judge Walker signed the warrant. Thus, the warrant was based on a future event described as past fact.

Detective Gilbride acted as the lead affiant and presented the affidavit to Akron Municipal Court Judge Nicole Walker on June 25, 2018. Plaintiff alleges Judge Walker signed the warrant based on an affidavit that contained fabricated probable cause and future-tense facts presented as already completed, violating Franks v. Delaware and well-established Fourth Amendment standards. The warrant relied heavily on representations that appeared to invoke federal Title III authority, giving an appearance of legitimacy, even though the detectives were acting as state officers without independent federal authority.

Plaintiff alleges that Akron Municipal Court clerical officials, including Clerks Jim Laria and Sandra Kurt, failed to maintain the warrant packet, sealing orders, or related materials. As a result, the warrant file became missing, incomplete, or inconsistent. When records were later sought, the court could not provide a complete, date-stamped, judge-signed warrant packet. This administrative failure deprived Plaintiff of the ability to challenge the warrant.

The criminal investigation relied heavily on BCI laboratory findings. Plaintiff alleges that in 2018, BCI chemist Keith Taggart authored a report improperly labeling cocaine base as "crack cocaine" without scientifically meeting the criteria required for that designation. This mislabeling was repeated in police records, affidavits, court filings, and sentencing arguments. In 2024, an unnamed BCI analyst authored an amended report that continued the same errors or failed to correct them. Detective Edwardson and TFO Fields used the 2024 report in litigation without acknowledging these issues.

Plaintiff alleges Akron PD officers Shaffer, Trimble, Dugan, and Harvey unlawfully conducted a traffic stop on co-defendant Merida, seized evidence, and forwarded evidence without verifying the legal validity of the underlying warrant or confirming the accuracy of the drug classification.

The combined conduct of all defendants resulted in Plaintiff being transferred to federal custody without any state preliminary hearing, state probable cause review, or state judicial procedures. Plaintiff alleges he lost over eight years of freedom based on fabricated evidence, a defective warrant, and administrative concealment. He was falsely branded as a "crack dealer," causing irreversible reputational, emotional, and financial harm.

All facts are alleged based on Plaintiff's experience, official records, and documents obtained.

IV. CLAIMS FOR RELIEF

Count One — Fourth Amendment (Illegal Search & Seizure)

Defendants Gilbride, Wallace, Ingram, Edwardson, Callahan, Fields, and others violated Plaintiff's rights by presenting and executing a warrant based on false information and nonexistent probable cause.

Count Two — False Arrest and False Imprisonment

Plaintiff was seized and detained without lawful justification, and defendants failed to provide the required state-law process.

Count Three — Malicious Prosecution

Defendants continued prosecution despite knowing or recklessly disregarding the false warrant and inaccurate forensic report.

Count Four — Fourteenth Amendment Due Process Violations

Defendants deprived Plaintiff of access to accurate court records, proper hearings, and truthful forensic evidence.

Count Five — Fabrication of Evidence

BCI chemist Keith Taggart and the 2024 BCI analyst fabricated or misclassified drug evidence, and officers used this to build the false narrative.

Count Six — Monell Liability (City of Akron, Summit County, APD, Summit Sheriff, Summit Drug Unit)

Plaintiff suffered constitutional violations due to systemic failures in training, supervision, recordkeeping, warrant procedures, and forensic oversight.

Count Seven — Declaratory Relief (State of Ohio)

Seeking a declaration that state-level administrative practices violated Plaintiff's federal rights.

## V. DAMAGES

Plaintiff suffered:

- Eight years of wrongful imprisonment
- Severe emotional distress
- Loss of reputation due to false "crack dealer" label
- Loss of property, income, and family time
- Ongoing harm due to permanent stigma

Plaintiff seeks compensatory and punitive damages where legally permitted.

## VI. PRAYER FOR RELIEF

Plaintiff requests that this Court:

1. Enter judgment in his favor.
2. Award compensatory damages.
3. Award punitive damages where available.
4. Issue declaratory relief against the State of Ohio.
5. Award attorney's fees and costs if later represented.

6. Grant any additional relief deemed just and proper.

VII. JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

VIII. CERTIFICATE OF SERVICE

I certify that a copy of this Complaint will be sent via U.S. Mail to:

U.S. District Court – Northern District of Ohio

2 S. Main St.

Room 568

Akron, OH 44308

The Clerk is respectfully requested to serve each defendant under Fed. R. Civ. P. 4.

Date: 29 NOV 2025

Willie Benton, Pro Se

*Willie R Benton JR*
#65749060

NEOCC
2240 Hubbard Rd
Youngstown OH 44505