UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE R. BENTON, JR., | ) | CASE NO. 5:25 CV 2676 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITY OF AKRON, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

 *Pro se* Plaintiff Willie R. Benton, a federal prisoner currently in the custody of the United States Marshals at the Northeast Ohio Correctional Center, filed this action under 42 U.S.C. §1983 against state and local officials, agencies, and law enforcement organizations to contest his 2019 conviction in this Federal Court on one count of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine.  This Court sentenced him to a terms of 235 months incarceration with credit for time served, followed by 10 years of supervised release.  Plaintiff has now filed this civil rights Complaint to challenge events leading up to his arrest and his conviction.  He asserts claims for violation of his Fourth Amendment rights, false arrest and false imprisonment, malicious prosecution, due process violations, and fabrication of evidence.  He seeks declaratory relief stating his conviction violated his constitutional rights, and monetary relief.

I. **Background**

Plaintiff was arrested by Akron Police and the Summit County Drug Unit Task Force on June 26, 2018.  On June 27, 2018, a criminal complaint was filed against Plaintiff in this Federal Court and Magistrate Judge Kathleen Burke issued a warrant for Plaintiff's arrest.  *See United States v. Benton*, No. 5:18-cr-00406 (N.D. Ohio Feb. 21, 2019).  Plaintiff was transferred to the custody of the United States Marshals on June 28, 2018.  He was indicted on three counts of drug offenses on July 24, 2018.  On November 2, 2018, Plaintiff entered into a plea agreement with the Government, in which he agreed to plead guilty to the first count of the indictment in exchange for dismissal of the remaining two counts.  On February 13, 2019, this Court sentenced him to 260 months incarceration followed by 10 years of supervised release.  Plaintiff appealed his conviction on April 1, 2019.  The United States Sixth Circuit Court of Appeals affirmed his conviction and sentence on May 1, 2020.

Plaintiff filed a Motion to Vacate under 28 U.S.C. § 2255 on March 18, 2022.  Among the grounds asserted in that Petition was a claim of ineffective assistance of trial counsel based on his assertion that his trial counsel should have had a bag of white powder found in his safe tested to determine if it was crack cocaine.  This Court denied the Petition on July 7, 2022.  Plaintiff appealed that decision to the United States Sixth Court of Appeals.  While the Sixth Circuit had rejected his argument on direct appeal that he had not intended to sell the crack cocaine due to its poor quality, it found favor with his assertion in his § 2255 Petition that his trial counsel was ineffective for not having it tested prior to sentencing, as it was of such poor quality that no determination had been made of whether it was cocaine or crack cocaine.  This increased his base offense level and sentencing range under the guidelines. *See* USSG § 2D1.1(c), comment. (n.(D)).  The Sixth Circuit vacated the Court's decision on the ineffective

assistance of counsel claim and remanded the case to this Court to conduct an evidentiary hearing.

On remand, this Court granted Petitioner's request to independently test the substance and granted his motion to approve independent drug testing funding. Upon completion of this independent testing, on May 7, 2025, the Court conducted an evidentiary hearing. Detective Mike Gilbride and Petitioner testified. The parties filed post-hearing briefs. The independent testing was consistent with the previous testing by the Government, however, the evidentiary hearing reflected that the composition, consistency, and coloring were not what one would expect for crack-cocaine. As such, the Court concluded that Petitioner's counsel was ineffective for failing to present the argument that that substance was anything other than crack cocaine. As a result, out of an abundance of caution, this Court granted Petitioner's § 2255 motion to vacate his sentence on July 2, 2025.  The Court scheduled his resentencing hearing for January 21, 2026.  On that day, the Court sentenced him to 235 months incarceration with credit for time served, and supervised release for a period of 10 years with conditions.  He appealed that sentence to the Sixth Circuit on January 28, 2026.  That appeal is still pending.  He remains incarcerated in the Northeast Ohio Correctional Center.

Between the time the Court granted his § 2255 motion to vacate and the resentencing hearing, Plaintiff filed this civil rights action on December 10, 2025, collaterally attacking his conviction.  Specifically, he challenges a search or arrest warrant issued in 2018, claiming it was based on faulty information by DEA agents.  He also asserts claims for false arrest and false imprisonment, malicious prosecution, due process violations which he contends resulted from denial of access to court records, denial of proper hearings and limited access to forensic evidence.  He also contends evidence was fabricated based on the classification of the bag of

white powder as crack cocaine.  He asserts these claims under 42 U.S.C. § 1983 because they are asserted solely against state and local entities and individual officers.  He seeks monetary damages.

## II.      Standard of Review

The Court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief.  28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id*.  In reviewing a Complaint, the Court must construe the

pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III.     Analysis

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under §1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines that the Plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Here, Plaintiff directly challenges his conviction. He claims the search or arrest warrant issued in 2018 was invalid and based on faulty information by DEA agents. He also asserts claims for false arrest, false imprisonment, and malicious prosecution. He claims he was denied due process in the course of his criminal case, stating he was denied access to court records, did not receive proper hearings, was denied forensic evidence, and claims the evidence he was presented was fabricated. These claims, if found to have merit, would call into question the

validity of his conviction.  His conviction has not been overturned by this Court or the Sixth Circuit.  Consequently, his claims cannot be brought in a civil rights action.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Date: February 10, 2026

/s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[1]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.